UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON NORMAN EARLE,

        Plaintiff,

v.

WASHINGTON LAWYERS COMMITTEE, *et al.*,

        Defendants.

Case: 1:16-cv-00840
Assigned To : Unassigned
Assign. Date : 5/4/2016
Description: Pro Se Gen. Civil (F Deck)

## MEMORANDUM OPINION

This matter is before the Court for review of the *pro se* civil complaint filed by Vernon Norman Earle and his application to proceed *in forma pauperis*.[1]

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claims being asserted, sufficient

---

[1] Curtis Lee Watson's name appears in the caption of the complaint, and the papers submitted to the Court bear Watson's original signature. Watson did not submit an application to proceed *in forma pauperis* with a certified copy of his trust fund account statement (or institutional equivalent), however, as required under 28 U.S.C. § 1915(a)(2). Even if Watson had submitted these documents, his application would be denied because he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). *See In re Watson*, No. 05-5198 (D.C. Cir. Nov. 2, 2005). Accordingly, the Court deems Earle the sole plaintiff in this action.

4

to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Earle purports to bring this action under 42 U.S.C. § 1983 against the Washington Lawyers Committee, the United States Parole Commission, and one of its Commissioners, and the complaint refers to the District of Columbia Circuit's decision in *Daniel v. Fulwood*, 766 F.3d 57, 64 (D.C. Cir. 2014). Aside from the caption and the signature block, the complaint does not mention Earle by name. Nor does the complaint articulate a claim related to *Daniel*. As drafted, it is not clear what claim or claims Earle brings against these defendants and, therefore, the complaint will be dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 4/29/2016

United States District Judge